IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

```
DARCIE HANSEN,                  )
                                )   No.  07-247-HU
            Plaintiff,          )
                                )
      v.                        )
                                )   OPINION AND ORDER
                                )
ADVO, INC.,                     )
                                )
            Defendant.          )
_____)
```

Beth A. Allen
Sara Lynn Allen
Allen2 Law, LLC
811 S.W. Naito Parkway, Suite 420
Portland, Oregon 97204
    Attorneys for plaintiff

Mark Crabtree
Scott Oborne
Jackson Lewis LLP
806 S.W. Broadway, Suite 400
Portland, Oregon 97205
    Attorneys for defendant

HUBEL, Magistrate Judge:

    Plaintiff Darcie Hansen brought this action against her former employer, Advo, Inc., asserting claims for sex discrimination, sexual harassment, and retaliation in violation of Title VII, 42

OPINION AND ORDER Page 1

U.S.C. § 2000e and Or. Rev. Stat. § 659A.030, and a common law claim for intentional infliction of emotional distress.

Judgment was entered in this case for defendant Advo, Inc. after the court awarded Advo summary judgment on all claims. Advo now moves the court for an award of attorney's fees incurred after the close of discovery, in the amount of $28,265, and costs in the amount of $1,910, pursuant to Title VII, § 706(k), 42 U.S.C. § 2000e-(k).

As the Supreme Court explained in Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978):

> A district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success.

434 U.S. at 421-22. This standard has been described as a "plaintiff-friendly dual standard." Lane v. Residential Funding Corp., 323 F.3d 739, 742 (9th Cir. 2003). Because Congress intended to "promote the vigorous enforcement of the provisions of Title VII," the district court must be cautious in awarding fees to a prevailing defendant, in order to avoid discouraging legitimate suits that may not be "airtight." EEOC v. Bruno's Restaurant, 13 F.3d 285, 287 (9th Cir. 1993), *quoting* Christiansburg Garment, 434 U.S. at 422, 423 n. 20. Thus, even when the law or facts appear

OPINION AND ORDER Page 2

questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit. Bruno's Restaurant, 13 F.3d at 290; Christiansburg Garment, 434 U.S. at 422.

Or. Rev. Stat. § 359A.885(1) provides that, in specified actions for unlawful employment practices, a "court may allow the prevailing party costs and reasonable attorney fees at trial and on appeal." However, under Oregon case law, a court has discretion to allow attorney fees to a prevailing defendant under Or. Rev. Stat. § 659A.885(1) only when the plaintiff's claim is brought in bad faith or is unreasonable or unfounded. Chase v. Vernam, 199 Or. App. 129, 134 (2005). In evaluating whether plaintiff's claim was unreasonable or unfounded, the court considers the evidence in the light most favorable to plaintiff. Id. at 135.

The terms "frivolous," "unreasonable," and "without foundation," as used in the context of fee-shifting statutes, do not have appreciably different meanings. Alaska Right to Life PAC v. Feldman, 504 F.3d 840 (9th Cir. 2007). An action is frivolous when the result appears obvious or the arguments are wholly without merit. Christiansburg Garment, 434 U.S. at 422; *see also* Hughes v. Rowe, 449 U.S. 5, 14-15 (1980((per curiam). That a party loses at summary judgment does not render her case *per se* frivolous, unreasonable, or without foundation. Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007).

Upon review of the entire record in this case, I am unpersuaded that plaintiff's case was fivolous, unreasonable, or without foundation. Accordingly, defendant's motion for an award of

OPINION AND ORDER Page 3

attorney's fees (doc. # 37) is DENIED.

Advo requests costs in the amount of $1,910 as follows:

$ 240.00 for the filing fee

$ 139.53 for copies "necessarily obtained for use in the case"

$1,530.50 reporting fees for depositions of plaintiff, Tim Townsend, Ken Niebur, Rich Cronkrite, and Roger Fune

These costs are allowed.

IT IS SO ORDERED.

Dated this 29th day of May, 2008.

/s/ Dennis James Hubel
Dennis James Hubel
United States Magistrate Judge

OPINION Page 4